IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

SEACO GLOBAL LIMITED,

        Plaintiff,

v.

LILLY & ASSOCIATES
INTERNATIONAL TRANSPORTATION
GROUP, LLC,

        Defendant.

Plaintiff SEACO GLOBAL LIMITED, ("Seaco" or "Plaintiff") sues LILLY & ASSOCIATES INTERNATIONAL TRANSPORTATION GROUP, LLC ("Lilly" or "Defendant") and alleges as follows:

## INTRODUCTION

1. This is a straightforward maritime breach of contract dispute between a lessor of shipping containers (the "Containers") and its lessee.

2. Seaco leased to Lilly 681 containers in exchange for a rental fee and other costs.

3. The terms and conditions between the parties were spelled out in six contracts which the parties entered into between 2021 and 2024 together with incorporated General Terms and Conditions.

4. In April 2025, Lilly ceased paying the rental fees and defaulted on the contracts.

5. Seaco, therefore, took the appropriate steps to demand payment of its invoices and demand the return or replacement value of its Containers.

6. The demands were ignored, the invoices remain unpaid, and the Containers have not been returned, nor has their replacement value been paid.

7. As a result, Seaco has suffered at least $2,692,645.31 in damages.

## JURISDICTION AND VENUE

8. This is a suit for breach of container lease agreements and unpaid sums due for containers used in the international carriage of goods on ships and comprises an admiralty and maritime claim pursuant to 28 U.S.C. §1333(1) and Rule 9(h) of the Federal Rules of Civil Procedure.

9. Venue is proper in this Court within the meaning of 28 U.S.C. §1391 because Lilly is headquartered and has its principal place of business in Medley, Florida.

10. The Court has general personal jurisdiction over Lilly as it is a limited liability company organized and existing under the laws of Florida.

## PARTIES

11. Plaintiff Seaco was, at all relevant times, a foreign company organized and existing under the laws of England.

12. Defendant Lilly is and was, at all relevant times a limited liability company organized and existing under the laws of the State of Florida, with offices at 11440 NW 122 Street, Suite 800, Medley, Florida 33178.

## GENERAL ALLEGATIONS

13. Seaco is a leading global provider of container leasing, sales, and fleet management services that supports its clients' shipping container needs.

14. Upon information and belief, Lilly is in the business of international transport operations or freight forwarding from Medley, Florida and needed shipping containers for use in

its business.

15. Between March 2021 and February 2024, Seaco and Lilly entered into the following six written leasing agreements (the "Container Leases"):

| Container Lease No. | Date |
| --- | --- |
| 1004643 | March 15, 2021 |
| 145061 | October 15, 2021 |
| 1005372 | February 25, 2022 |
| 1005654 | November 1, 2022 |
| 145077 | February 8, 2024 |
| 145078 | February 8, 2024 |

True and correct copies of Container Leases 1004643, 145061, 1005372, 1005654, 145077, and 145078 are attached as Composite Exhibit "A."

16. Container Leases 1004643, 145061, and 1005372 were initially entered into between Seaco and Lilly & Associates International Freight Forwarders, Inc., an entity related to and under the same ultimate ownership and management as Lilly.

17. On October 4, 2022, Seaco, Lilly and Lilly & Associates International Freight Forwarders, Inc., entered into a Novation Agreement ("Novation Agreement") whereby Lilly assumed all the rights, obligations, and liabilities, as lessee, under the written contracts between Seaco and Lilly & Associates International Freight Forwarders, Inc. (Leases 1004643, 1005061, and 1005372). *See* Novation Agreement attached as Exhibit "B."

18. All six Container Leases are now valid, enforceable contracts existing between Seaco and Lilly. They contain the complete understanding of the parties and incorporate Seaco's General Terms and Conditions which are attached as Exhibit "C."

19. The Container Leases are maritime contracts, expressly requiring that the containers be used in maritime commerce and that "the Containers shall only be used in connection with

contracts for the international carriage of goods on ships." *See* Exhibit "C," ¶14.

20.  In exchange for the use of 681 of Seaco's containers, Lilly agreed to pay Seaco rental and other fees, handling charges, and the replacement value of the containers should they not be returned, as set forth in the leases and in Exhibit C, ¶1(i) and ¶4.

21. All invoices were agreed to be paid within 30 days of the invoice date with 1.5% interest compounding monthly on late payments. Exhibit C, ¶(1)(ii)-(iii).

22. Lilly further agreed to "return each Container to Seaco in a serviceable and good operating condition and in compliance with Industry Standards to the locations and in the quantities set out in the Lease" or to pay Seaco the depreciated replacement value of the containers. *See* Exhibit "C," ¶¶ 3(i) and 4.

23. In April 2025, Lilly ceased making any of the required rental payments and therefore defaulted on the Container Leases. *See* Exhibit "C," ¶12.

24. On April 14, 2025, Seaco sent a "Fourteen-Day Demand" stating that the rent was overdue and that Lilly had "committed a 'Default' within the meaning of clause 12 of the GTC. Consequences of this Default include (without limitation and among other things) that we may now demand and recover all amounts due, ie including amounts billed within the last 30 days." *See* Fourteen-Day Demand at Exhibit "D."

25. In addition, the letter stated that failure to pay the balance owed within fourteen (14) days could result in further action, including Lilly being held liable for the replacement values of the Containers. *See* Exhibit "D."

26. Lilly did not respond. Lilly paid no portion of the amount owed.

27. On May 1, 2025, Seaco sent a "Final Seven-Day Demand," which again stated that the rent was overdue and needed to be paid no later than seven (7) days from the date of the letter.

28. Again, Lilly did not respond or pay any portion of the amount owed.

29. On June 25, 2025, Seaco sent Lily a Notice of Default and Termination, which reiterated what was stated in the Fourteen and Seven-Day Demands, *i.e.* that Lilly was in default of the Container Leases for failure to pay overdue amounts and that "[a]s a result of this default, . . . [Lilly is] fully liable for the welfare and contractual Replacement Values of the 681 containers . . . ."

30. Lilly ignored this as well. *See* Exhibit "E."

31. On July 3, 2025, this time through counsel, Seaco wrote to Lilly demanding payment of the overdue invoices and the contractual Replacement Values of the 681 Containers and that failure to pay these amounts would result in further action. *See* Exhibit "F."

32. Once again, Lilly did not respond or make any payment upon the amount owed.

## FIRST CLAIM FOR RELIEF
### Breach of Maritime Contract

33. Plaintiff realleges and incorporates the allegations of paragraphs 1 through 32 as though fully set forth herein.

34. Seaco fully performed its contractual obligations under the Container Leases except those that were discharged or excused by the conduct of the Defendant.

35. In exchange Lilly was obliged to pay daily accruing rent, plus other handling fees, which Seaco invoiced pursuant to the terms of the Container Leases.

36. Lilly failed to timely pay its invoices, a default under the General Terms and Conditions, which triggered numerous obligations on the part of Lilly, including the payment of Seaco's attorney's fees and the costs associated with the collection of the rent due and the return of the Containers. *See* Exhibit "C," ¶ 13.

37. The invoices remain outstanding and, upon information and belief, Lilly is still in

5

possession of all 681 Containers, another material breach under the Container Leases.

38. Seaco has formally demanded on several occasions that Lilly make payment for the outstanding rental fees and costs, which will continue to increase and now total $269,913.31 plus the depreciated replacement values of the 681 Containers, now $2,422,732.00, which together total $2,692,645.31 in damages sustained by Seaco as a direct and proximate result of Lilly's breaches of the Container Leases. This amount will increase as the rental fees continue to accrue and remain outstanding.

WHEREFORE, Plaintiff, Seaco, demands damages against Defendant, Lilly, in the amount of $2,692,645.31, plus interest, costs, attorney's fees, and such further or other relief as this Court deems appropriate.

Dated: August 1, 2025

Respectfully submitted,

ABALLI MILNE KALIL, P.A.
*Counsel for Plaintiff*
One Southeast Third Ave.
Suite 2250
Miami, FL 33131
Phone: (305) 373–6600
Fax: (305) 373–7929

/*s*/ *Craig P. Kalil*
Craig P. Kalil
Florida Bar No.: 607282
Renee R. Tischler
Florida Bar No.: 26939